UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DITECH FINANCIAL, LLC**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 3:18-CV-618-CRS**

**Patricia FENTRESS, et al.**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Ditech Financial, LLC brought this suit against Defendant Patricia Fentress and several other entities in the Jefferson County Circuit Court seeking to foreclose a mortgage on real property owned by Fentress. DN 1-1. Fentress filed a notice of removal based on diversity of citizenship. DN 1.[1] Ditech moved for remand, citing the forum defendant rule. DN 6.

Generally, federal district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, a civil action otherwise removable under § 1332 may not be removed if any of the defendants are a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2).

Here, Fentress has conceded that "Fentress [is] a citizen of the State of Kentucky." DN 1 at 3. She also notes that several other defendants are citizens of Kentucky. *Id*. at 4. Therefore, removal is improper based on the forum defendant rule codified by 28 U.S.C. § 1441(b)(2). As a result, the Court **GRANTS** the motion to remand (DN 6) and **REMANDS** the case to the Jefferson County Circuit Court.

---

[1] Fentress does not explicitly argue that a federal question is presented. *See generally* DN 1. Regardless, an examination of the record does not reveal "a federal question . . . presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 481 U.S. 386, 392 (1987). It is insufficient for Fentress to raise federal questions in her answer, as "[t]he federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'" *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, (1974) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

In its motion for remand, Ditech also seeks to recover costs incurred as a result of improper removal. DN 6 at 1. *See also* 28 U.S.C. § 1447(c). However, such an award is discretionary, and there is no presumption that such award should be made. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. The Court cannot say on these facts that defendant lacked such a basis. Therefore, the Court **DENIES** Ditech's request for attorneys' fees and costs associated with the motion to remand (DN 6).

January 14, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**