**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DITECH FINANCIAL, LLC**                                                                                   **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:18-CV-618-CRS**

**Patricia FENTRESS, et al.**                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

On January 15, 2019, this Court found that it lacked jurisdiction over this action as a result of the forum state defendant rule codified by 28 U.S.C. § 1441(b)(2) and remanded the case to the Jefferson County Circuit Court. DN 10. Defendant Patricia Fentress then filed an "Objection to Memorandum Opinion and Order." DN 11. Since Fentress is proceeding *pro se*, the Court will give her briefing a liberal construction, interpreting it as a timely motion to alter/amend a judgment. In her conclusion, Fentress "moves the court to reconsider its recommendation to REMAND this matter to State court," "moves the court to Grant an Automatic stay pending the court's decision," and "moves for an evidentiary hearing." *Id*. at 2.

The Federal Rules provide mechanisms for altering, amending, or providing relief to a party from an order. F. R. Civ. P. 59(e); F. R. Civ. P. 60(b). However, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," subject to certain exceptions. 28 U.S.C. § 1447(d). "The Sixth Circuit has strongly suggested that § 1447(d) precludes a district court from reviewing its own remand order by way of [Rule] 59." *Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("the language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state

1

court divests a district court of jurisdiction such that it may not take any further action on the case."); *Cook v. Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001) (district court did not err in refusing to reconsider its remand order because a "remand to state court . . . divests the federal district court of jurisdiction.")).[1]

The majority of other circuits agree with *Brierly*, prohibiting reconsideration of remand orders. *Ibid.* (collecting cases from 1st, 3rd, 4th, 5th, 9th, 11th agreeing that § 1447 divests jurisdiction following remand). Similarly, courts within the Sixth Circuit have often held that the Court lacks jurisdiction to reconsider remand orders. *Ibid.* (collecting cases). This Court has also agreed. *Oliver v. Sun Life Assur. Co. of Canada*, 417 F. Supp. 2d 865, 867 (W.D. Ky. 2005) ("Having remanded this matter for lack of subject matter jurisdiction, this court lacks jurisdiction to reconsider the remand order."); *Am. Tax Funding, LLC v. Green*, No. 3:16-CV-13-TBR, 2016 WL 1389992, at *1 (W.D. Ky. April 7, 2016) (citing *Brierly* and *Cook* in denying motion to reconsider remand order); *Amar v. Minn. Mining & Mfg Co.*, No. 4:04-CV-164-M, 2005 WL 3448066, at *1–2 (W.D. Ky. Dec. 13, 2005).

Therefore, the Court is not permitted to reconsider its order remanding the case back to the state court. Regardless, even if the Court had authority to reconsider its remand order, it would not reach a different conclusion, as Fentress does not contest that she is a citizen of the Commonwealth of Kentucky. *See* 28 U.S.C. § 1441(b)(2). For those reasons, Defendant Fentress's "Objection to Memorandum Opinion and Order" (DN 11), construed as a motion to alter or amend the Court's order, is **DENIED**.

**IT IS SO ORDERED.**

February 26, 2019

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] Other unpublished Sixth Circuit opinions have disagreed, finding reconsideration permissible. *See Pearson v. UAW*, 99 F. App'x 46, 53 (6th Cir. 2004) ("Because the defendants filed a timely motion to reconsider, the order to remand was not final, and the claims had not yet been remanded.").